IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| N. THOMAS HEATON,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN BROKERS CONDUIT, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br>Case No. 2:11-CV-531 TS |

This matter is before the Court on Motions to Dismiss filed by Defendants American Home Mortgage Servicing, Inc., Mortgage Electronic Registration Systems, Inc., America's Wholesale Lender, ReconTrust Company N.A., and Bank of America, National Association (collectively, "Defendants").[1] Also before the Court is Plaintiff's Motion to Remand Back to the Fifth District Court.[2] For the reasons discussed below, the Court will deny Plaintiff's Motion to Remand and grant Defendants' Motions to Dismiss.

---

[1] Docket Nos. 7 & 16.

[2] Docket No. 11.

1

## I. BACKGROUND

On April 24, 2006, Plaintiff Heaton obtained a refinanced mortgage loan in the amount of $682,500. The loan was secured by a Deed of Trust recorded against real property located in St. George, Utah (the "Property").

On September 1, 2009, Plaintiff entered into a loan modification which provided him with new payment terms for the loan. Notwithstanding this modification, Plaintiff defaulted on the terms of the loan and the modification. In Plaintiff's Complaint, Plaintiff seeks another loan modification with a principal balance of $332,000 and a fixed interest rate of two percent for thirty years or title to the property in fee simple absolute.

## II. MOTION TO REMAND

### A. COMPLETE DIVERSITY

Plaintiff asserts that jurisdiction before this Court is improper because Defendant Backman Title Services f/k/a Sundance Title ("Backman") is a Utah citizen and moves the Court to remand this case to state court. Defendants assert that jurisdiction is proper before this Court because Backman is a only a nominal party and was fraudulently named as a defendant to avoid diversity jurisdiction.

"Generally, because federal courts are courts of limited jurisdiction, there is a presumption against the existence of federal jurisdiction."[3] Defendants, as the parties invoking the jurisdiction of the Court "ha[ve] the burden of pleading and proving the existence of

---

[3] *Purdy v. Starko*, 2010 WL 3069850, at *2 (D. Utah Aug. 4, 2010) (citing *City of Lawton, Okla. v. Chapman*, 257 F.2d 601 (10th Cir. 1958)).

jurisdiction."[4] Defendants may remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction.[5] Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.[6] "It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant."[7]

Plaintiff asserts that Backman is a citizen of the State of Utah. Defendants argue, however, that Plaintiff's inclusion of Backman in this matter constitutes a fraudulent joinder. First, Defendants contend that Plaintiff improperly conflates Backman with Sundance Title Insurance Agency, Inc ("Sundance"). Backman disclaims that it is a successor of Sundance or that Backman performed any closing services on behalf of Plaintiff. Second, Defendant asserts that Sundance, an expired corporation, only acted as a settlement agent for Plaintiff's refinance transaction at issue in this matter. As settlement agent, Sundance has no independent interest in the Property and played no part in the alleged wrongful actions of the other Defendants. Finally, Defendants note that Plaintiff has failed to allege any specific claim against Backman in his Complaint.

---

[4] *Wilshire Oil. Co. of Tex.v. Riffe*, 409 F.2d 1277, 1282 (10th Cir. 1969).

[5] 28 U.S.C. § 1441(a).

[6] 28 U.S.C. § 1332.

[7] *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1095-96 (10th Cir. 2003) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

In *Navarro Savings Association v. Lee*, the United States Supreme Court held that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy."[8]  For this reason, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."[9]

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."[10]  The doctrine of fraudulent joinder provides that "joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal."[11]  The Tenth Circuit recently considered the doctrine of fraudulent joinder in the case of *Montano v. Allstate Indeminity*.[12]  The court held that:

> The case law places a heavy burden on the party asserting fraudulent joinder.  A representative example states: To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against the joined party in state court.  In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party.  We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.[13]

---

[8]*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citing *McNutt, for Use of Leggett v. Bland*, 43 U.S. 9, 15 (1844)).

[9]*Id.*

[10]*Purdy*, 2010 WL 3069850, at *2 (quoting *Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1297, 1294 (D. Kan. 2009)).

[11]*Roe v. Gen. Life Ins. Co. & Phillips Petroleum Co.*, 712 F.2d 450, 452 (10th Cir. 1983) (citing *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

[12]211 F.3d 1278 (10th Cir. 2000) (unpublished).

[13]*Id*. at *1 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

Thus, to prove fraudulent joinder, Defendants must demonstrate that Plaintiff can prove no valid cause of action against Backman. Plaintiff's Complaint alleges no specific cause of action against Backman. In fact, Plaintiff has even yet to serve Backman in this matter. As Plaintiff has brought no specific claim against Backman, the Court finds that Backman was fraudulently joined and, therefore, complete diversity exists among the parties.

B.     PLAINTIFF'S REMAINING CONTENTIONS

Plaintiff further contends that removal was improper because not all of the Defendants joined in removal and the amount in controversy does not exceed $75,000. Both of these allegations are contradicted by the record. As to consent, the record clearly demonstrates that all parties with an interest in the Property consented to the removal. As to the amount in controversy, Plaintiff's requested relief undisputedly exceeds a value of $75,000. This conclusion is not changed merely because Plaintiff seeks his relief in equity. If the Court were to grant Plaintiff's requested relief for a loan modification, his debt would be reduced by $400,000 or more. And if the Court were to grant Plaintiff's requested relief for fee simple title to the Property, Plaintiff would receive title to property valued well in excess of $75,000.

Because complete diversity exists, all required parties consented to removal, and the amount in controversy exceeds $75,000, the Court finds removal was proper and will deny Plaintiff's request for remand.

## II. MOTION TO DISMISS

A. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[14] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[15] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[16] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[17] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[18]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[19] Thus,

---

[14] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[16] *GFF Corp.*, 130 F.3d at 1384.

[17] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[19] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

"notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[20]

B.   QUIET TITLE

Plaintiff requests the Court quiet title to the Property in his favor. "To succeed in an action to quiet title to real estate, a party must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title.[21] Plaintiff's quiet title claim is based on allegation that the Defendants lack any interest in the property and the "true owner" of the loan is unknown.[22] This is simply an attack on the strength of Defendants' title and fails to account for the fact that Plaintiff is presently in default under the loan.[23] Plaintiff's quiet title claim, therefore, fails as a matter of law and will be dismissed.

---

[20]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[21]*Gillmor v. Blue Ledge Corp.*, 217 P.3d 723, 728 (Utah Ct. App. 2009) (internal quotation marks and citation omitted).

[22]Docket No. 2, Ex. 3, ¶¶ 194-95.

[23]*See Marty v. MERS*, 2010 WL 4117196, at *8 (D. Utah Oct. 19, 2010) (dismissing quiet title claim because "Plaintiff is still in default on the loan and it is this that clouds any title owned by Plaintiff").

C.	DECLARATORY JUDGMENT

Plaintiff seeks declaratory judgment that MERS does not have a right to assign the beneficial interest in the loan and that any subsequent holder, therefore, lacks standing and authority to foreclose. This Court, however, has repeatedly such arguments and Plaintiff provides no reason for the Court to reconsider this claim. Additionally, the Utah Court of Appeals has recently reached the same conclusion on this type of claim.[24] Based on this precedent, the Court rejects Plaintiff's arguments.

D.	SLANDER OF TITLE

"To prove slander of title, a claimant must prove that (1) there was a publication of a slanderous statement disparaging claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement caused actual or special damages."[25] In support of this claim, Plaintiff simply recites numerous conclusory allegations with no supporting factual averments and largely focuses on wide-sweeping denunciations of MERS's role in the foreclosure process. Such conclusory allegations with no supporting factual averments fail to state a claim upon which relief can be granted. The Court will, therefore, dismiss Plaintiff's slander of title claim.

---

[24]*Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration System, Inc.*, — P.3d —, 2011 WL 2714429, at *4-5 (July 14, 2011).

[25]*First Sec. Bank, N.A. v. Banberry Crossing*, 780 P.2d 1256-57 (Utah 1989).

8

E.     BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's fourth cause of action alleges that Defendant American Mortgage Servicing, Inc. breached the duty of good faith and fair dealing. Specifically, Plaintiff alleges that Defendant breached the duty by "intentionally and systematically" delaying the loan modification process.[26] The Court finds that this claim fails as a matter of law.

The covenant of good faith and fair dealing, which inheres in every contractual relationship, "cannot be construed to establish new, independent rights or duties not agreed upon by the parties."[27] Plaintiffs' fourth cause of action seeks to impose new duties upon Defendant and grant Plaintiff new rights relating to the modification of the loan's original terms. The covenant of good faith and fair dealing cannot be relied on to create a contract different than the one agreed to by the parties. Plaintiff's fourth cause of action, therefore, fails as a matter of law and must be dismissed.

F.     VIOLATION OF THE CONSUMER SALES PRACTICES ACT

Without citation to any specific provision of the Consumer Sales Practice Act ("CSPA"), Plaintiff alleges that Defendant American Home Mortgage "breached [its] duty" by engaging in unfair and deceptive acts in handling his request for a loan modification and in servicing his loan. The Court finds these allegations insufficient to survive a motion to dismiss. Plaintiff offers only a list of conclusory allegations and fails to identify which specific provisions of the CSPA he claims Defendant has violated. In fact, the only time the CSPA is mentioned in the Complaint is

---

[26]Docket No. 2, Ex. 3, ¶ 235.

[27]*PDQ Lube Center, Inc. v. Huber*, 949 P.2d 792, 798 (Utah Ct. App. 1997).

in the caption of the cause of action. These broad and conclusory statements fail to state a claim upon which relief can be granted and will be dismissed.

G.  FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS

To allege a claim sounding in fraud, a party must allege:

> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.[28]

Similarly, "to prove negligent misrepresentation several elements must be shown: (1) the plaintiffs reasonably relied on the defendant's representation, (2) the representation constitutes a "careless or negligent misrepresentation of a material fact," (3) the defendant "had a pecuniary interest in the transaction," (4) the defendant "was in a superior position to know the material facts," and (5) the defendant "should have reasonably foreseen that the injured party was likely to rely upon the misrepresentation."[29]

Both negligent misrepresentation and general fraud claims must meet the heightened pleading requirements of Fed.R.Civ.P. 9(b).[30] Rule 9(b) requires a party to "state with

---

[28] *Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah 2003).

[29] *Mitchell v. Smith*, 2010 WL 5172906, at *8 (D. Utah Dec. 14, 2010) (quoting *Price-Orem Inc. Co. v. Rollins, Brown & Gunnel, Inc.*, 713 P.2d 55, 59 (Utah 1986)).

[30] *See Coroles v. Sabey*, 79 P.3d 974 (Utah Ct. App. 2003); *Atkinson v. IHC Hosps. Inc.*, 798 P.2d 733, 737 (Utah 1990).

particularity the circumstances constituting fraud"[31] and this particularity requirement is not met by a mere recitation of the elements of fraud or by conclusory allegations that are not supported by relevant facts.[32]

The allegations in Plaintiff's Complaint fail to meet the particularity requirement. Plaintiff fails to make any distinction among the various Defendants and only offers conclusory allegations that Defendants made fraudulent statements during the course of the parties' dealings. These allegation are insufficient under Rule 9 and the Court will, therefore, dismiss Plaintiff's fraud and negligent misrepresentation claims.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand to State Court Fifth District (Docket No. 11) is DENIED.  It is further

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 7 & 16) are GRANTED.

Plaintiff's Complaint is dismissed with prejudice.  The Clerk of the Court is directed to close this case forthwith.

DATED   August 24, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[31] Fed.R.Civ.P. 9(b).

[32] *See Hoverman v. CitiMortgage*, 2011 WL 3421406, at *5 (D. Utah Aug. 4, 2011).